IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ] | |
| | ] | |
| Plaintiff, | ] | |
| v. | ] | No. 07 cr 846 |
| | ] | |
| MONIQUE ELLINGTON, | ] | Hon. Virginia M. Kendall |
| | ] | |
| Defendant. | ] | |

### DEFENDANT MONIQUE ELLINGTON'S PRE-TRIAL MOTIONS

NOW COMES Defendant, MONIQUE ELLINGTON, by and through her attorneys, MICHAEL J. PETRO and CAMILLE M. HICKS, and respectfully enters the following pre-trial motions.

## 1. DEFENDANT'S MOTION TO COMPEL PRESERVATION OF AGENTS' NOTES

Defendant respectfully moves this Honorable Court to order the government agents and agencies to retain all handwritten notes made by said agents in relation to this case.

In support hereof, defendant states as follows:

1.   To Defendant's knowledge, all of the processing, interviewing and other facets of the investigation of this case have been conducted by government agents.

2.   If any of the above-mentioned agents appear at trial as witnesses, the defendant will be entitled to the notes they have prepared in connection with the case pursuant to the Jencks Act, 18 U.S.C §3500.

3.   If the above-mentioned agents destroy the notes they made in connection with this case, the defendant will be deprived of the use of the notes in cross-examining said agents.

1

4.    Such a deprivation would violate the provisions of 18 U.S.C. §3500 and the Sixth Amendment of the Constitution.

5.    If this Court permits the destruction of said notes to be a matter of the agents' discretion, such destruction would constitute a usurpation of this Court's duty to determine whether said notes fall within the provisions of 18 U.S.C. §3500 or the Sixth Amendment of the Constitution.

WHEREFORE the defendant moves this Honorable Court to order all government agents who have been connected with this case in any way to retain their notes pending a determighnation of whether said notes should be produced at trial.

**2.    DEFENDANT'S MOTION FOR EARLY RETURN OF TRIAL SUBPOENAS**

Defendant respectfully move this Honorable Court to allow for the early return of trial subpoenas.  In support of this Motion, the defendant states as follows:

1.    It is anticipated that, in preparation for trial, it may be necessary for defendant to secure documents from third parties.

2.    In order to enable the defendant to have time to analyze these documents in preparation for trial and to prepare an adequate defense, the defendant requests that he be given leave to issue subpoenas calling for production of materials immediately, as permitted by Rule 17(c).

WHEREFORE, the defendant respectfully request that this Court grant this motion for early production of subpoenaed material pursuant to Rule 17(c).

**3.    DEFENDANT'S MOTION FOR DISCLOSURE OF IMPEACHING INFORMATION**

Defendant moves this Honorable Court to order the government to disclose the following items within the possession, custody, or control of the government:

1.    Any and all records and information regarding felony convictions, guilty verdicts or juvenile adjudications attributed to each witness.

2.    Any and all records and information revealing prior misconduct or bad acts attributed to the witnesses.

3.    Any and all consideration or promises of consideration given to or on behalf of the witnesses, or expected or hoped for by the witnesses.  This is to include anything, whether bargained for or not, which could be of value or use to a witness or other persons of concern to a witness.

4.    Any and all threats, expressed or implied, made against the witness including criminal prosecution, investigations, or potential prosecutions pending or which could be brought against the witness, any probationary, parole, or deferred prosecution status of the witness, and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with the prosecution.

5.    The existence and identification of each occasion on which the witness has testified before any court, Grand Jury, or other tribunal or body or otherwise narrated in relation to the defendants, the investigation, or the facts of this case.

6.    The existence and identification of each occasion on which each witness who is an informer, accomplice, co-conspirator, or expert has testified before any court, Grand Jury, or other tribunal or body.

3

7.    Any and all personnel files for the witness and the existence and identity of all government files for the witness.

8.    Any and all other records and/or information which could arguably be helpful or useful to the defendants on impeaching or otherwise detracting from the probative force of the government's evidence, or which could arguably lead to such records or information.

WHEREFORE, the defendant respectfully requests this Honorable Court for an Order directing the government to make inquiry and to disclose all of the aforementioned material, within the possession, custody, or control of the government.

**4.    DEFENDANT'S MOTION FOR DISCLOSURE OF EXCULPATORY MATERIAL**

Defendant pursuant to Rule 16(a)(1)(c) of the Federal Rules of Criminal Procedure and the principles of *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and *Kyles v. Whitley*, 115 S.Ct. 1555 (1995), moves for entry of an order directing the government to disclose all favorable evidence to the defendant within its possession, custody or control, or the existence of which is known to any agency of the government or by the exercise of due diligence could become known, including but not limited to the below-listed information.

In support of this Motion, the defendant asks that the government disclose the following:

1.    Criminal Records.  Any and all records and information revealing prior convictions, guilty verdicts or juvenile adjudications attributed to each government witness.

2.    Other Misconduct or Bad Acts.

4

a.    Any and all records and information, whether written, oral, or contained in documents, regarding any misconduct of bad acts attributed to each government witness.

b.    Any and all agency investigative files of the FBI or any other federal or state agency, including but not limited to interview, documents, tape recordings, and case reports, or any investigations for bribery, extortion, RICO, fraud, corruption, or any other offense, for any person who will be a witness for the government.

3. Immunity, Plea Agreements, and other Benefits

a.    Any and all consideration given to or on behalf of the witness, or expected or hoped for by the witness. By "consideration," defendant refers to anything, whether bargained for or not, which arguably could be of value or use to the witness or to persons of concern to the witness, including but not limited to: plea agreements, formal or informal; direct or indirect leniency, favorable treatment or recommendation of other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, court of claims, administrative or other dispute with the federal, state, or local government, any other authority or with any other party; criminal, civil or tax immunity grants; relief from forfeiture; payments of money, rewards or fees; witness fees; provisions for food, clothes, shelter, transportation, legal services or other benefits; placements in a "witness protection program;" informer status of the witness; and anything else which arguably could reveal an interest,

5

motive or bias in the witness in favor of the government or against the defense or to testify or to color testimony.

b.    Copies of statements submitted by the government or intended for submission by the government to the pretrial services department or the probation department of the United States District Court on behalf of any witness or potential witness, including but not limited to those who have been charged in this or a related case, whether pending or whether the witness has been sentenced or is presently awaiting sentencing.

4.    Inconsistent or Exculpatory Statements of Witnesses

Identify any and all occasions on which a witness made:

a.    Statements inconsistent with any other statements made by that witness;

b.    Statements inconsistent with his predicted trial testimony;

c.    Statements that he had no knowledge of the crimes charged in the indictment;

d.    Statements that he was not involved in any criminal activity;

e.    Statements that the defendant was not involved in any or certain criminal activity, including but not limited to the criminal activity charged in the indictment.

f.    Statements that any other defendant or alleged co-conspirator or co-schemer was not involved in criminal activity charged in the indictment;

g.    Statements inconsistent with any other statement made by any other person or any other witness, irrespective of whether

that person or witness will be called to testify by the government.

5.    Potential Prosecution.  Any and all discussions in any context, coercive or non-coercive, or any threats or coercion, express or implied, direct or indirect, regarding criminal prosecution, investigations, potential prosecutions, or forfeiture charges or actions presently pending or which could be brought against the witness whether made directly to the witness or to his attorney or representative; and probationary, parole, deferred prosecution or custodial status of the witness; and any civil, internal revenue, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with the government or over which the government has real apparent, or perceived influence.

6.    Personnel and Other Files.  Any and all personnel files for the witness; the existence and identify of all federal, state and local government files for the witness; the existence and identity of all internal affairs, internal investigation or public integrity investigation files concerning the witness; the existence and identity of any investigation or misconduct by an employer or other entity or person concerning the witness; the existence and identity of any complaints regarding misconduct by the witness.

7.    Alcoholism, Drug Use, Psychiatric History, Physical History. Any and all information, records, or documents, whether oral, written, or recorded, related to any witness or alleged co-conspirator or co-schemer regarding:

a.    Physical symptoms, problems, examinations, treatments and/or hospitalizations for alcoholism, drug Use, psychiatric problems, or physical symptoms;

7

b.   Mental, emotional, or behavioral problems, symptoms, treatment, or examinations, treatment, or hospitalization, including but not limited to psychiatric or psychological disorders;

c.   Alcoholism or drug addiction or use of drugs.

WHEREFORE, the defendant respectfully requests an order directing the government to disclose, all favorable evidence to the defendant.

**5.   DEFENDANT'S MOTION TO REQUIRE THE GOVERNMENT TO GIVE REASONABLE NOTICE OF THEIR INTENTION TO USE EXPERT WITNESS TESTIMONY**

NOW COMES Defendant, MONIQUE ELLINGTON, by and through her attorney, MICHAEL J. PETRO, and respectfully request that this Court enter an order requiring the United States to give notice of it's intention to introduce testimony under Rules 702, 703 and 705 of the Federal Rules of Evidence.  In support of this Motion, Defendants state as follows:

1.   Pursuant to Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure, the government must disclose, at the Defendant's request, a written summary of any testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial.

2.   That summary must describe the witnesses' opinions, the bases and reasons therefore, and the witnesses' qualifications.

WHEREFORE, the certain Defendants respectfully request an Order requiring disclosure of all evidence and material described above.

**6.   DEFENDANT'S MOTION FOR AN ORDER REQUIRING THE GOVERNMENT TO GIVE IMMEDIATE NOTICE OF ITS INTENTION TO USE EVIDENCE OF OTHER CRIMES, WRONGS, OR BAD ACTS**

8

Defendant pursuant to Rules 12(d)(2) and 16(a)(1)(c) of the Federal Rules of Criminal Procedure, and Rule 104(a) and Rule 104(c) of the Federal Rules of Evidence, respectfully move this Honorable Court for an order requiring the government to give immediate notice of its intention to use at trial, either in its case-in-chief, during cross examination of the various defendant, or in its rebuttal case, any of the following matters:

1.    Evidence of "other crimes, wrongs or acts" of the defendant as that phrase is used in Rule 404(b) of the Federal Rules of Evidence.

2.    In regard to this notice, the government should identify, describe, and produce:

    a.    The dates, times, places, and persons involved in specific acts of misconduct;

    b.    The statement of each participant in the specific acts of misconduct;

    c.    The documents which contain or evidence these other crimes, wrongs, or acts, including when the documents were prepared, who prepared the documents, and who has possession of the documents; and

    d.    The issue or issues on which the government believes such other crimes, wrongs, or acts evidence are relevant within Rule 404(b) of the Federal Rules of Evidence.

3. Evidence of "specific instances of conduct" of the Defendants as that phrase is used in Rule 608(b) of the Federal Rules of Evidence.

4. In regard to this notice, the government should identify, describe, and produce:

    a. The dates, times, places, and persons involved in specific acts of misconduct;

    b. The statement of each participant in the specific acts of misconduct

    c. The documents which contain or evidence specific acts of misconduct, including when the documents were prepared, who prepared the documents, and who has possession of the documents.

WHEREFORE, defendant respectfully requests that an order be entered requiring the government to disclose the above mentioned evidence instanter.

**7. DEFENDANT'S MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS**

Defendant pursuant to the Sixth Amendment to the Constitution of the United States, respectfully moves this Court for leave to file additional pre-trial motions, the need for which may arise as a result of any response of the government to defendant's pre-trial motions, or from further review of discovery materials, and in support thereof state as follows:

1. This motion is made in good faith and not for the purpose of delay; and counsel represents that any further motions will address

10

only issues brought to light as a result of the additional review of discovery.

WHEREFORE, defendant requests that this Court enter an order granting her leave to file additional pre-trial motions.


Respectfully submitted,

/s Michael J. Petro
_____
Michael J. Petro                    Camille M. Hicks
Attorney For Monique Ellington      Attorney For Monique Ellington
53 West Jackson Blvd., Suite 324    4747 Lincoln Mall Dr., Ste 410
Chicago, Illinois   60604           Matteson, IL      60443
312-913-1111                        708-283-9277