UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 07 CR 846 |
| v. ) | |
| ) | Hon. Virginia M. Kendall |
| MONIQUE ELLINGTON and ) | |
| WILLIE PERKINS ) | |

**GOVERNMENT'S CONSOLIDATED RESPONSE TO
DEFENDANT'S PRETRIAL MOTIONS**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, submits the following consolidated response to the pretrial motions filed by defendant Monique Ellington, as detailed below:

**I.      Motion to Compel Preservation of Agents' Notes**

Defendants have moved for an order requiring government agents to preserve all handwritten and typewritten notes prepared during the course of the investigation in this case. The government agrees that all agents involved in this case are to preserve their notes, *provided* that "notes" is construed as limited to drafts of agent interview or investigative reports. The government therefore has instructed all agents to preserve, to the extent that they still exist, all handwritten notes made by agents during interviews of defendants and prospective witnesses.

The government's agreement to direct the preservation of these notes, however, should not be misconstrued as an agreement to disclose or turn over these notes without a further showing by the defendant. The Seventh Circuit has held that handwritten notes or rough drafts prepared by agents that are subsequently transcribed and made part of a final report are not discoverable under the *Jencks* Act. In *United States v. Starnes*, 644 F.2d 673, 681 (7th Cir. 1981), the Court stated that such notes were discoverable only if "the notes were a substantially verbatim transcript of the

[witness'] remarks, or were his own written statement adopted or approved by him." *See* 8 U.S.C. § 3500(e)(1) and (2). *See also United States v. Harris*, 542 F.2d 1283, 1292-93 (7th Cir. 1976); *United States v. Consolidated Packaging Corp.*, 575 F.2d 117, 129 (7th Cir. 1978). In *United States v. Batchelder*, 581 F.2d 626, 636 (7th Cir. 1978), *rev'd on other grounds*, 442 U.S. 114 (1979), the Court held that an agent's handwritten notes of his meetings with the defendant need not be retained after they had been typed. Similarly, in *United States v. Bastanipour*, 697 F.2d 170, 174-175 (7th Cir. 1982), the Court stated that an agent's handwritten draft of an interview report need not be retained after the report was typed. Both of these holdings were based on the premise that the typed report contained all the information in the handwritten originals. *Accord Killian v. United States*, 368 U.S. 231, 242 (1961); *United States v. Balistriere*, 779 F.2d 1191, 1218-20 (7th Cir. 1985).

Moreover, Rule 16(a)(2) clearly exempts from discovery "reports, memoranda, or other internal government documents made by the attorney for the government or other government agents in connection with the investigation or prosecution of the case." Accordingly, the government will resist any attempt to obtain unwarranted discovery of internal file materials by the defendant. The government has provided, and will continue to provide, final typed or written statements of its potential trial witnesses, including agents, in accordance with Rule 3500 and the dictates of *Brady* and *Giglio*. The defendant is entitled to no more.

## II.    Motion for Early Return of Trial Subpoenas

The government has no objection to defendant's motion for early return of trial subpoenas provided that both parties will be allowed such early return and have a reciprocal obligation to produce the results to the other side.

## III.    Motion for Disclosure of Impeaching Information and Exculpatory Material

Defendant is seeking disclosure of impeaching evidence, evidence of the existence and

substance of promises of immunity, leniency or preferential treatment, and favorable evidence, all of which fall under the rubric of *Giglio and Brady* material. The government acknowledges and will comply with its *Giglio* and *Brady* obligations to turn over impeaching and exculpatory information. The government is also willing to provide the information required under *Giglio* and *Brady* at least thirty days prior to trial. (As of the date of this filing, a trial date has not yet been set.) However, the requests of the defendant are in many respects overbroad and beyond the scope of *Giglio* and *Brady* when considered in light of the applicable law. *Brady* applies to direct evidence of innocence and to evidence useable to impeach the credibility of prosecution witnesses. *United States v. Boyd*, 55 F.3d 239 (7th Cir. 1995). However, *Brady* is a disclosure rule and not a discovery rule. *United States v. Higgins*, 75 F.3d 332, 335 (7th Cir. 1996). Any attempt to use *Brady* to expand the scope of discovery beyond Federal Rule of Criminal Procedure 16 is improper. *United States v. Agurs*, 427 U.S. 97, 109-110 and n.16 (1976); *United States v. Conder*, 423 F.2d 904, 911 (6th Cir. 1970). Requests that amount to interrogatories are not an appropriate or authorized mode of discovery in a criminal case. *Conder,* 423 F.2d at 910. As the Supreme Court made clear in the *Agurs* case, *Brady* and *Giglio* do not create a general right of open access to government files. *Agurs*, 427 U.S. at 111.

Because the government is willing to provide the defense with all of the *Giglio* and *Brady* materials to which they are entitled under the law and to do so at least thirty days before trial, the motion should be denied. *See e.g., A United States v. Alex*, 791 F.Supp. 723, 729 (N.D. Ill. 1992) ("[T]o the extent that [defendants'] requests for information fall within the scope of *Brady*, the government's promise to comply with the dictates of *Brady* renders [defendants'] motion moot."); *United States v. Butler*, 1994 WL 69387 *2 (N.D. Ill. June 23, 1994) (Plunkett, J.) ("This court and others have repeatedly held that where the government has made assurances it will comply with

*Giglio* and *Brady,* those assurances are sufficient.") (citing seven district court opinions from the Northern District of Illinois.). As the Seventh Circuit has repeatedly and uniformly held, *Brady* is satisfied "'[a]s long as ultimate disclosure [of *Brady/Giglio* material] is made before it is too late for the defendant to make use of any benefits of the evidence.'" *United States v. Beverly*, 913 F.2d 337, 349-50 (7th Cir. 1990) (*quoting United States v. Ziperstein*, 601 F.2d 281, 291 (7th Cir. 1979)). *Accord e.g., United States v. Weaver*, 882 F.2d 1128, 1141 (7th Cir. 1989) (collecting cases). In this case, the government has agreed to provide the materials at least thirty days before trial which is more than sufficient under Seventh Circuit law.

Finally, as noted below, the government's promise to disclose information in these categories is not co-extensive with the demands made. To the extent that these or other demands require broader disclosure, they should be denied.

Specifically, in her overly broad requests, defendant seeks materials not covered by *Giglio*. For example, Ellington has moved for all such information relating to, among others, all persons appearing before the grand jury, all persons interviewed by government agents, whether or not any of these persons will be called as a witness for the government. *See* Ellington's Motion for Disclosure of Impeaching Information and Motion for Disclosure of Exculpatory Material. There is no support (and Ellington has cited no authority) for disclosure of *Giglio* material for individuals not called as witnesses. As part of its § 3500 obligations, the United States will indicate testimony of which the government is aware relating to the witness's testimony in this case. Beyond that, defendant's requests exceed authorized discovery.

**IV.  Motion to Require Government to Give Reasonable Notice of Its Intention to Use Expert Witness Testimony**

Ellington seeks notice of the government's intention to present any evidence pursuant to Federal Rules of Evidence 702, 703, or 705, including discovery of experts. Under Fed. R. Crim.

P. 16(a)(1)(E), at a defendant's request, the government shall disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial. Should the government at some point in the future intend to introduce expert testimony, the government will certainly make such disclosures well in advance of trial. Additionally, as required by the rule, the government will describe the witness' opinions, the bases and the reasons therefor, and the witness' qualifications. The government is aware of its obligations pursuant to Fed. R. Crim. P. 16(a)(1)(D) to disclose the reports of examinations and tests and will take care to make all disclosures required by the rule. The government hereby makes reciprocal discovery requests for disclosure of defense evidence pursuant to Fed. R. Crim. P. 16(b).

**V.     Motion to Require Government to Give Immediate Notice of Its Intention to Use Evidence of Other Crimes, Wrongs, or Bad Acts**

Defendant has also moved this Court for an order requiring the government to give *immediate* notice of its intent to use other crimes, wrongs, or acts evidence. The government acknowledges its obligation to give notice under Rule 404(b), but objects to an order requiring immediate notice. Rule 404(b) provides that the government should provide reasonable notice of its intent to use such evidence in advance of trial. Accordingly, the government proposes to submit its notice no later than thirty days prior to the trial in this case.

Defendant also requests that the government give notice in advance of trial of any 404(b) evidence that it might introduce in its rebuttal case. Defendant's request is impossible – and contrary to case law. *See United States v. Climatemp*, 482 F. Supp. 376, 391 (N.D. Ill. 1979). The government *cannot* know what evidence may be relevant in rebuttal until the defendant has presented its case. Of course, if the defendant wants to give the government pre-trial notification of its defense at trial, then the government can determine what, if any, 404(b) evidence it would

introduce in rebuttal. Barring that circumstance, however, the government cannot give pre-trial notice of *any* evidence to be introduced in rebuttal. The government, however, will seek leave to introduce any 404(b) evidence in its rebuttal case prior to attempting to introduce such evidence. In this way, the defendant will have the opportunity to argue the admissibility of such evidence before it is presented to the jury.

While the government will agree to provide notice of Rule 404(b) evidence within thirty days of trial as requested by the defendant, the government objects to the defendant's request for information that goes well beyond what Rule 404(b) allows. Defendant suggests that the Court should require the government to provide specific evidentiary detail, including dates, times, places, persons, any documents containing evidence of the "other acts," and even statements of each participant and statements of the government. Even an indictment requires no such detail to effectively put a defendant on notice of the offenses charged. *See United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981). It defies logic to suggest that greater disclosure is necessary with respect to evidence of acts that do not form the basis of the charges.

Moreover, the plain language of Rule 404(b) itself specifically precludes the detailed disclosure demanded by the defendant. Rule 404(b) only requires that the prosecution in a criminal case must "provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, *of the general nature* of any [other-acts] evidence it intends to introduce at trial." Fed. R. Evid. 404(b), reprinted in *Federal Criminal Code and Rules* at 241 (West 1997 Revised Edition) (emphasis added). The proviso that the government need only provide information concerning the *general nature* of any other-acts evidence it intends to use was not accidental. The Senate Judiciary Committee, which formulated the revision to Rule 404(b), "considered and rejected a requirement that the notice satisfy the particularity requirements normally

required of language used in a charging instrument.... Instead, the Committee opted for a generalized notice provision...." Note of Advisory Committee, reprinted in *Federal Criminal Code and Rules, supra*, at 243.

In this case, the defendant does not ask for notice of the "general nature" of any other-act evidence to be used. To the contrary, she seemingly argues for adoption of a rule requiring even more particularity than that considered and rejected by Congress. In keeping with the letter and spirit of Rule 404(b), the government should only be required to disclose, no later than four weeks before the trial, the general nature of any other-acts evidence it intends to introduce at trial. Defendant's motion, to the extent that it requests more than this disclosure, should be denied. *See United States v. Alex*, 791 F. Supp. 723, 728 (N.D. Ill. 1992) (Alesia, J.) ("By its terms, Rule 404(b) only requires the government to disclose the general nature of such evidence it intends to introduce at trial. [Defendant's] demand for specific evidentiary detail including dates, times, places and persons involved is wholly overbroad.").

The defendant also moves this Court to require the government to include in its Rule 404(b) submission any Fed. R. Evid. 608(b) evidence against them. Rule 608(b) permits inquiry, for impeachment purposes, into prior specific instances of conduct on cross examination of a witness where the conduct inquired about bears on the issue of credibility. Unlike Rule 404(b), Rule 608(b) does not require pretrial disclosure of any evidence which might be used for impeachment purposes. The defendant cites no authority entitling it to pretrial disclosure of Rule 608(b) evidence. Indeed, the defendant is *not* entitled to any discovery of Rule 608(b) material. *See United States v. Cerro*, 775 F.2d 908, 915 (7th Cir. 1985); *Sims*, 808 F. Supp. at 611; *United States v. Santillanes*, 728 F.Supp. 1358, 1360 (N.D. Ill. 1990); *United States v. Climatemp*, 482 F. Supp. 376, 891 (N.D. Ill. 1979) *aff'd* 705 F.2d 461 (7th Cir.), *cert. denied*, 462 U.S. 1134 (1983).

Rule 608(b) applies to evidence of specific instances of misconduct used for impeachment. Cross examination is a truth-seeking tool and impeachment is an important part of cross-examination. Advance disclosure would eliminate the effectiveness of the use of specific instances of misconduct by depriving the jury of the opportunity to observe the witness' spontaneous response to the questioning, and unfairly benefit the defendant. Disclosure therefore would not further the truth seeking function of the trial. Accordingly, because of the potential prejudice to the government, and under both existing authority and the plain language of the Rule, this Court should deny that portion of defendant's motion which requests pretrial disclosure of Rule 608(b) evidence.

## VI.  Motion for Leave to File Additional Motions

Ellington seeks open-ended authority to file additional pretrial motions that may be suggested by pretrial discovery or the government's responses to her current motions. Whether the filing of additional pretrial motions would be proper depends on the nature of the motion and the reason why it was not filed within the time period set by the Court.[1] Fed. R. Crim. P. 12(f); *United States v. Salerno*, 796 F. Supp. 1099, 1108 (N.D. Ill. 1991)). Moreover, the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, does not allow open-ended exclusions of time to permit the filing of defense motions beyond the period set by the Court. *See United States v. Latham*, 754 F.2d 747, 752-53 (7th Cir. 1985); 18 U.S.C. §§ 3161(h)(F) and (J). Only where Ellington can make a showing that enables the Court to find "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" under §§ 3161(h)(8)(A) and (B), should she be permitted to file additional motions beyond the time period set by the Court.

## CONCLUSION

---

[1] To the extent that Ellington's request contemplates the filing of motions *in limine* directed to specific evidentiary issues, the government requests that the Court set a deadline for the filing of all such motions by either side.

For the foregoing reasons, the government respectfully requests: (1) that defendant's Motion for Early Return of Subpoenas be granted provided both parties will be allowed such early return and have a reciprocal obligation to produce the results to the other side; and (2) that defendant's other motions be denied.

          Respectfully Submitted,

          PATRICK J. FITZGERALD
          United States Attorney

By:   *s/ Faris J. Hussein*
       FARIS J. HUSSEIN
       Assistant U.S. Attorney
       219 S. Dearborn, 5th Floor
       Chicago, IL 60604
       (312) 353-4156

### **CERTIFICATE OF SERVICE**

 The undersigned Assistant United States Attorney hereby certifies that the following document:

  Government's Consolidated Response to Defendant Monique Ellington's Pretrial Motions

was served on February 28, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

            *s/ Faris J. Hussein*
            FARIS J. HUSSEIN
            Assistant United States Attorney
            219 South Dearborn Street
            Chicago, Illinois 60604
            (312) 353-4156