IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ] | |
| ] | |
| Plaintiff, ] | |
| v. ] | No. 07 CR 846 |
| ] | |
| MONIQUE ELLINGTON, ] | Hon. Virginia M. Kendall |
| ] | |
| Defendant. ] | |

**DEFENDANT ELLINGTON'S MOTION TO SUPPRESS STATEMENT**

NOW COMES Defendant, MONIQUE ELLINGTON, by and through her attorney, MICHAEL J. PETRO, and respectfully moves this Honorable Court to suppress as evidence herein any and all oral communications, confessions, statements, or admissions, whether inculpatory or exculpatory, made by the defendant prior to, at the time of, or subsequent to her arrest in the above-entitled cause.

In support of this motion, the defendant states as follows:

1.   That the defendant was detained by the FBI on December 14, 2007.  At approximately 2:00 P.M., the defendant refused to take a FBI polygraph exam and invoked her right to an attorney to the FBI polygraph examiner.  Immediately thereafter, a different FBI agent inquired as to why the defendant refused to take the polygraph exam.  The defendant communicated and invoked her right to have an attorney present before any questioning to this second FBI agent.

1

At approximately 8:00 p.m., the FBI questioned the defendant without informing her of her Miranda rights as required by law. Further, this interrogation occurred after the defendant had invoked her right to counsel. Only after the defendant had made an in custody statement without counsel present was she advised of her Miranda rights.

    2.   That at relevant times the defendant was interrogated by law enforcement officials or a person or persons acting on their behalf.

    3.   That the defendant directly asked the FBI more than once for a lawyer before she answered any questions.

    4.   That the statements sought to be suppressed were obtained as a result of interrogation which took place outside the presence of counsel.

    5.   That the statements sought to be suppressed were obtained as a result of psychological and mental coercion illegally directed against the defendant and that such statements were, therefore, involuntary.

    6.   That the statements sought to be suppressed were obtained as the product of and as the direct and proximate result of confronting the accused with certain material misrepresentations.

7. Therefore, that any and all communications, confessions, statements, admissions, or tests executed by the defendant were elicited in violation of her constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

## LEGAL ARGUMENT

The Fifth Amendment dictates that "no person shall be compelled in any criminal case to be a witness against herself." U.S. CONST. AMEND. V. To protect an individual's rights against self-incrimination, a suspect must be advised of certain rights before being subjected to custodial interrogation. Miranda v. Arizona, 384 U.S. 436 (1966).

The warnings mandated by Miranda require that a person taken into custody be advised immediately that she has the right to remain silent, that anything he says may be used against her, and that he has the right to retained or appointed counsel before submitting to interrogation. Id.

A person is in custody when the suspect knows he is speaking with a government agent and does not feel free to end the conversation. United States v. James, 113 F.3d 721, 726 (7th Cir. 1997). Whether a person was in custody is not a matter of his own subjective belief, but turns on whether a reasonable person in

his shoes would have felt free to end the interview. Berkemer v. McCarty, 468 U.S. 420, 442, (1984)

Of special importance in the defendant's case is the right to the presence of legal counsel during FBI questioning. Through the free and unfettered exercise of this right, a criminally accused can mitigate the coercive influences inherent in custodial interrogation. Miranda, 384 U.S. 436; *see also* Escobedo v. Illinois, 378 U.S. 478 (1964). An attorney can act as an observer, insuring that his client is treated within the limits imposed by the Constitution. He can also take a more active role as adversary for his client's interests, giving advice and assistance and assuring that an accused will not face alone the tremendous powers of the state. Fare v. Michael C., 442 U.S. 707 (1979).

Recognizing the pivotal role of counsel in our system of justice, the Supreme Court held in Miranda that a request for counsel by one undergoing custodial interrogation operates as an assertion of Fifth *and* Sixth Amendment rights and bars further questioning. "If the individual states that he wants an attorney, the interrogation must cease until an attorney is present." 384 U.S. at 474.

Subsequent to her detention on December 14, 2007, the defendant unequivocally stated that she did not wish to waive her

4

Miranda rights concerning her prerogative to consult with an attorney and that she would not make a statement without the presence of counsel. This statement by the defendant constituted an invocation of his constitutional rights under Miranda and as held by the Supreme Court.

Specifically, in Edwards v. Arizona, 451 U.S. 477 (1981), the Supreme Court ruled that once a defendant has invoked her constitutional rights and requested an attorney under Miranda, any confession obtained by interrogation reinitiated by police in the absence of counsel is inadmissible. The holding of Edwards bars law enforcement-initiated interrogation following a suspect's request for counsel.

In reiterating the rule of Edwards, the Supreme Court in McNeil v. Wisconsin, 501 U.S. 171 (1991) held that:

> "In Edwards v. Arizona, 451 U.S. 477 (1981), we established a second layer of prophylaxis for the Miranda right to counsel: Once a suspect asserts the right, not only must the current interrogation cease, but he may not be approached for further interrogation 'until counsel has been made available to her,' 451 U.S. at 484-85. Which means, we have most recently held, that counsel must be present, Minnick v. Mississippi, 489 U.S. 146 (1990).
> If the police do subsequently initiate an encounter in the absence of counsel (assuming there has been no break in custody), the suspect's statements are presumed involuntary and therefore inadmissible as substantive evidence at trial, even where the suspect executes a waiver and his statements would be

considered voluntary under traditional standards. <u>Michigan v. Harvey</u>, 494 U.S. 344, 350 (1990).

501 U.S. at 176-77.

A request for counsel is an acknowledgment by the accused that his position vis-a-vis the state is one of weakness, and that he is unable or incompetent to make his own decision. <u>Michigan v. Mosley</u>, 423 U.S. 96 (1975).

## CONCLUSION

WHEREFORE, the Defendant prays:

1. That the court conduct a pretrial hearing to determine if the nature of such statements were voluntary, and;

2. That this court suppress as evidence herein any and all communications, confessions, statements, admission, or tests, inculpatory or exculpatory, written or oral, made by her at the time of and/or subsequent to his being taken into custody.

Respectfully submitted,

/s Michael J. Petro
_____
Michael J. Petro
Attorney for MONIQUE ELLINGTON
53 West Jackson Boulevard, Suite 1264
Chicago, Illinois    60604
312-913-1111

6