UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 07 CR 846 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| MONIQUE ELLINGTON | ) | |
| | ) | |

## UNITED STATES' RESPONSE TO MOTION TO SUPPRESS

In the evening of December 14, 2007, defendant Monique Ellington confessed to participating in the robbery earlier that day of the Diamond Bank, where she worked. She confessed orally to FBI agents and then hand-wrote a confession. Ellington now argues that her post-arrest statements should be suppressed because she was not informed of her *Miranda* rights and had been questioned after she invoked her right to counsel. Mot. at 1-3. She further claims that her statements "were obtained as a result of psychological and mental coercion illegally directed against the defendant" and her confession was, therefore, involuntary. Mot. at 2.

Ellington is wrong on the facts. *First*, Ellington was brought in for questioning as a witness, not as a suspect, a fact she omitted from her motion. *Second*, FBI agents read Ellington her *Miranda* rights in the early afternoon of December 14, 2007, in connection with a polygraph test which she agreed to take (though later refused). This was long before her eventual confession. She also *signed* an Advice of Rights form prior to her confession. *Third*, Ellington never requested an attorney. *Fourth*, Ellington's confession was not coerced. She was offered food, drink, and bathroom breaks and was not subject to the "psychological and mental coercion" that she now claims.

But there are clearly two different versions of what happened.  Ellington claims that she told FBI Special Agent Nikkole Robertson that she "did not want to do anything without [her] attorney present."  Ellington Aff. § 2.  Special Agents who were present on December 14, 2007, if called to testify, would say that Ellington *never* invoked her right to an attorney.  This is a factual dispute that the court will have to resolve after a suppression hearing.  *See, e.g., United States v. Hendrix*, 509 F.3d 362, 373 (7th Cir. 2007).  Accordingly, the government does not object to a suppression hearing on this issue.

    Respectfully submitted,

    PATRICK J. FITZGERALD
    United States Attorney

    By: *s/ Samuel B. Cole*
        SAMUEL B. COLE
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 353-4258

Dated: July 21, 2008

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the following document:

**UNITED STATES' RESPONSE TO MOTION TO SUPPRESS**

was served on July 21, 2008, in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing pursuant to the district court's Electronic Case Filing (ECF) system as to ECF filers.

By:    *s/ Samuel B. Cole*
       SAMUEL B. COLE
       Assistant United States Attorneys
       219 South Dearborn
       Chicago, Illinois  60604
       (312) 252-4258